UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TYRONE E. PERKINS**                    **CIVIL ACTION**

**VERSUS**                               **NO. 23-73-SDD-EWD**

**ADVANCE STORES COMPANY, INC.**
**d/b/a Advance Auto Parts, Inc.**

## NOTICE AND ORDER

On February 6, 2023, Tyrone Perkins ("Plaintiff"), who is representing himself, filed this civil action against Defendant Advance Stores Company, Inc. d/b/a Advance Auto Parts asserting claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*., and/or Title I of the American Disabilities Act, 42 U.S.C. § 12101, *et seq*.[1] Since then, Plaintiff has filed three "Notices of Exhibits" and about 70 pages of documents that he believes are relevant to his claims.[2] The Notices of Exhibits and documents are not attached to Plaintiff's Complaint, nor do they appear to relate to any motion or request for relief pending before the Court, as there are none.

While the Court understands that Plaintiff is representing himself, *pro se* litigants must still follow all applicable rules, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Court's Local Civil Rules.[3] Plaintiff is advised that the Court docket is not a place to store evidence and that now is not the appropriate time to attempt to present evidence to the Court, though he will have an opportunity to present evidence at the appropriate time,

---

[1] R. Docs. 1 & 1-1.
[2] *See* R. Docs. 4, 5, 6.
[3] *Hawbecker v. Hall*, 88 F.Supp.3d 723, 726 (W.D. Tex. Feb. 19, 2015). *See also Richardson v. United Airlines, Inc.*, No. 18-1707, 2019 WL 6330718, at * 4 (S.D. Tex. Oct. 31, 2019) ("This court has endeavored to be fair to Richardson as a pro se litigant but cannot disregard the Federal Rules of Civil Procedure or the Federal Rules of Evidence."); *Burroughs v. Shared Housing Center*, No. 15-333, 2017 WL 876333, at *3 (N.D. Tex. Jan. 31, 2017); *Scoggins v. Dept. of the Treasury*, No. 12-650, 2013 WL 3893396, at *1 (M.D. La. July 26, 2013) ("Although the Court liberally construes the pleadings of *pro se* litigants like Plaintiffs, and applies less stringent standards than to parties represented by counsel, Plaintiffs are still required to make an attempt to 'reasonably comply' with the standards of the Federal Rules.").

1

consistent with the appliable rules.[4] Currently, there are no pending motions that would require review of evidence, so the Notice of Exhibits and related documents filed by Plaintiff to date will be stricken from the record.[5] Unless necessary to resolve a pending motion, Plaintiff shall not file any additional evidence with the Court at this time without first obtaining leave of Court to do so.

Additionally, Plaintiff is advised that this case cannot proceed until he serves Defendant Advance Stores Company, Inc. d/b/a Advance Auto Parts ("Defendant") as required by Fed. R. Civ. Proc. 4. Rule 4(m) also sets out the time limit for service and the consequences of failure to timely serve. There is currently no information in the record establishing service on Defendant, nor has Defendant made an appearance in this case.

Considering that Plaintiff is proceeding *pro se*, he is further advised that the Court's website contains resources that may be helpful to him in his efforts to prosecute this case.[6]

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall **STRIKE** from the record all Notices of Exhibits,[7] filed by Plaintiff Tyrone Perkins to date.

---

[4] *See, e.g.*, *Hayes v. Bruno*, No. 14-1203, 2015 WL 13642422, at *1 (D. Conn. Feb. 11, 2015) ("The court is not a repository for evidence the plaintiff may need to present in the future."); *Perez v. Junious*, No. 14-458, 2014 WL 7012370, at *4 (E.D. Cal. Dec. 11, 2014) (explaining that the court is not a repository for the parties' evidence, and that evidence need not be submitted until it is necessary to resolve a motion); *Wilson v. City of Selma*, No. 11-478 2012 WL 3263752, at *5 n.7 (S.D. Ala. July 17, 2012) (explaining that the court is not a repository for evidence, and that evidence is "typically" filed with the court "at summary judgment or at trial."); *Chapman v. Raemisch*, 2008 WL 2961721, at *1 (E.D. Wis. July 31, 2008) ("The court is not a repository for medical records. Rather, both plaintiff and defendant will have the opportunity to present pertinent portions of plaintiff's medical records to me. Those opportunities must be consistent with the Federal Rules of Evidence and Federal Rules of Civil Procedure, and will come either in support of or in opposition to dispositive motions, or at trial, if this case is not resolved on a dispositive motion.").

[5] To request any relief, a party is required to file a motion. Generally, the motion must be in writing, must state the relief requested, and must state with specificity the grounds for seeking the relief. Fed. R. Civ. P. 7(b). *See also*, Local Civil Rule 7. The Court's Local Civil Rules can be found on its website (https://www.lamd.uscourts.gov/) under the "Rules" tab or at (https://www.lamd.uscourts.gov/sites/default/files/pdf/2022%20Local%20Rules%20Revisions%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.pdf).

[6] For example, under the "Filing Without An Attorney" tab on the Court's website, parties may download information, documents, and forms, such as *Representing Yourself in Federal District Court: A Handbook for Pro Se Litigants* (http://www.lamd.uscourts.gov/sites/default/files/Pro%20Se%20Handbook%20v2019-2.pdf).

[7] R. Docs. 4, 5, 6.

**IT IS FURTHER ORDERED** that Plaintiff shall not file any additional evidence or exhibits into the record without first obtaining leave of Court, unless such evidence is being filed in conjunction with, and as an attachment to, a motion or a memorandum in opposition to a motion that would require the Court to review evidence.[8] The Court will provide instructions to the parties regarding the filing of trial exhibits at the appropriate time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff at his address of record on PACER via certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on March 30, 2023.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Plaintiff is advised to consult the Federal Rules of Civil Procedure, Federal Rules of Evidence, and this Court's Local Civil Rules prior to the filing of any document to determine what, if any, evidence or exhibits may be filed in support of, or opposition to, any motion/filing.