UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TYRONE E. PERKINS                                        CIVIL ACTION NO.

VERSUS                                                   23-73-SDD-EWD

ADVANCE STORES COMPANY, INC.
d/b/a Advance Auto Parts, Inc.

## ORDER OF DISMISSAL

Plaintiff Tyrone E. Perkins ("Perkins") who is representing himself, has failed to timely serve Advance Stores Company, Inc. d/b/a Advance Auto Parts, Inc. ("Defendant"), failed to prosecute his case, and failed to follow Court orders. Therefore, this case will be dismissed without prejudice on the Court's own motion.

Perkins filed his Complaint on February 6, 2023,[1] naming his former employer as the only defendant. Though the basis for Perkins' claims is not clear from the Complaint, according to his Charge of Discrimination, filed with the Equal Employment Opportunity Commission, Perkins alleges that he was discriminated against by Defendant because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended. He also alleges disability discrimination and retaliation in violation of the Americans with Disabilities Act.[2] With his Complaint, Perkins also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (the "IFP Motion"), which was denied without prejudice to Perkins either filing another IFP Motion with more information, or paying the required filing fee.[3] Perkins paid the required filing fee on February 24, 2023.

---

[1] R. Doc. 1. Documents in the Court record are referred to as "R. Doc. __."
[2] R. Doc. 1-1.
[3] R. Doc. 3.

1

In March of 2023, Perkins attempted to file some additional documents into the record, which were stricken by the Court as improperly filed.[4] Since then, no action had been taken in the case, including that Perkins never requested that the Clerk of Court issue summons to Defendant. Defendant has not appeared in the case and there is no information suggesting that Defendant has been served with process, as required by Federal Rule of Civil Procedure 4. Therefore, on September 11, 2025, this Court issued an Order to Show Cause for Perkins to explain, in writing, why he had not timely served Defendant. The Order to Show Cause expressly told Perkins that the failure to timely respond by October 1, 2025 could result in dismissal of this case without further notice.[5] The Order to Show Cause was sent by regular and by certified mail to Perkins at the address he provided on the Complaint. Perkins did not respond to the Order to Show Cause.

Federal Rules of Civil Procedure 4(m) and 41(b) and Local Civil Rules 41(b)(1)(A) and (C) provide for dismissal of a suit under these facts:

Federal Rule of Civil Procedure 4(m) states as follows:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

---

[4] R. Docs. 4-7.
[5] R. Doc. 9.

2

Local Civil Rule 41(b)(1)(A) also provides for dismissal of a civil case for lack of prosecution where no service of process has been made within 90 days after the filing of the complaint.[6]

Additionally, Federal Rule of Civil Procedure 41(b) allows a court to dismiss a case when a plaintiff fails to prosecute it or fails to comply with court orders.[7] Local Civil Rule 41(b)(1)(C) also allows this Court to dismiss a case that has been pending for six months where no action has been taken within that time period.

This case has been pending for more than two (2) years, yet, to date, Perkins has not filed proof of service on Defendant into the record. Further, Perkins has not provided the Court with any explanation for his non-compliance, nor has he requested additional time, even though the Court warned Perkins that failure to timely respond to the Order to Show Cause could result in the dismissal of the case. A district court may dismiss a case on its own motion under these circumstances with or without notice to the parties.[8]

Because Perkins failed to timely serve Defendant with process, his case is subject to dismissal under Federal Rule of Civil Procedure 4(m) and Local Civil Rule 41(b)(1)(A). Additionally, because Perkins failed to comply with the Court's Order to explain his failure

---

[6] The Court's Local Civil Rules may be found on the Court's website at https://www.lamd.uscourts.gov/court-info/local-rules-and-orders.

[7] Federal Rule of Civil Procedure 41(b) provides as follows:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

[8] *Boudwin v. Graystone Ins. Co. Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss on its own motion, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

to serve, even though he was told that his claims might be dismissed without further notice, and because he has not taken any action in this case in over two years, his case is subject to dismissal under Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41(b)(1)(C). Therefore,

**IT IS ORDERED** that the above-captioned lawsuit be **DISMISSED WITHOUT PREJUDICE** for the failure of Plaintiff Tyrone E. Perkins to serve Defendant Advance Stores Company, Inc. d/b/a Advance Auto Parts, Inc. under Federal Rule of Civil Procedure 4(m) and Local Civil Rule 41(b)(1)(A) and failure to comply with Court orders and failure to prosecute this case under Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41(b)(1)(C).

**IT IS FURTHER ORDERED** that Plaintiff Tyrone E. Perkins shall have the right to seek reinstatement of his claims within thirty (30) days of this Order of Dismissal upon a showing of good cause.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order of Dismissal to Plaintiff Tyrone E. Perkins, by regular and certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana on October 8th, 2025.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**